101265-8

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
Case No. 2:21-cv-522

EDGARDO MIGUEL PEREZ,

    Plaintiff,

vs.

BJ'S WHOLESALE CLUB, INC.,

    Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, BJ'S WHOLESALE CLUB, INC., (hereinafter, "BJ's"), by and through the undersigned counsel, and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes this action to the United States District Court for the Middle District of Florida, Fort Myers Division, on the basis of diversity jurisdiction, and states as follows:

1. The Plaintiff filed suit against BJ's on May 27, 2021 in the Twentieth Judicial Circuit Court in and for Lee County, Florida ("State Court Action"). **See Complaint attached as Exhibit A**.

2. The State Court Action is styled as *Edgardo Miguel Perez v. BJ's Wholesale Club, Inc.*, Case No. 2021-CA-003239. **See Copies of All State Court Action Pleadings attached as Composite Exhibit B.**

3. Based on its Complaint, the Plaintiff seeks damages for an alleged slip-and-fall incident that he claims occurred on August 2, 2020 at a BJ's store located at 1929 NE Pine Island Rd. Cape Coral, Florida. *See* Ex. A, ¶ 7.

4. Pursuant to 28 § USC 1441(a), a party may remove an action to federal court if the action is one over which the Federal Court has subject matter jurisdiction.

5. District courts have original jurisdiction over actions in which the requirements for diversity jurisdiction are satisfied. 28 U.S.C § 1332. Diversity jurisdiction requires (1) complete diversity of citizenship among the parties, and (2) an amount in controversy in excess of $75,000. *Id.* at § 1332(a).

6. Under 28 § U.S.C. 1446(b), the party seeking removal must file a Notice of Removal within thirty (30) days from receipt of the initial pleading or the service of summons. *See* 28 U.S.C. § 1446(b).

7. BJ's was served with the Plaintiff's Complaint on June 25, 2021. *See* Ex. B, Verified Return of Service.

8. No further state court proceedings in this litigation have taken place as of the date of this Notice of Removal. Accordingly, this Notice of Removal is timely filed.

9. As discussed below, federal jurisdiction exists because 1) there is complete diversity of citizenship among the parties; and 2) the amount in controversy exceeds $75,000, exclusive of interests and costs. Specifically, Plaintiff is a Florida citizen and BJ's is a Delaware corporation with its principal place of business in Massachusetts. Additionally, the amount in controversy exceeds $75,000 as evidenced by the Plaintiff's presuit demand letter. Therefore, the requirements for diversity jurisdiction are satisfied and removal is proper. *See* 28 U.S.C § 1332(a). In support of its Notice of Removal, the Defendant attaches this Memorandum of Law and states:

**MEMORANDUM OF LAW**

    I.    **REMOVAL IS PROPER PURSUANT TO 28 U.S.C. § 1332**

        A.  **Complete Diversity of Citizenship Exists**

As a general matter, diversity jurisdiction requires complete diversity—that is, every plaintiff must be diverse from every defendant. *Palmer v. Hosp. Auth.,* 22 F.3d 1559, 1564 (11th Cir. 1994). Such a requirement is met in this case where the parties are citizens of different states. Specifically, it is apparent from the face of the Complaint, that the Plaintiff is a citizen of the State of Florida. *See* Ex. A, ¶ 2 ("Plaintiff . . . was a resident of Lee County, Florida"). See also *Jones v. L. Firm of Hill & Ponton,* 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001) (recognizing presumption that a party is a citizen of the state domiciled when suit is filed).

BJ's, on the other hand, is not a citizen of Florida. For purposes of diversity jurisdiction, a "corporation shall be deemed to be a citizen of every state by which it has been incorporated and of the State where it has its principal place of business." *Advanced Construction and Renovation, Inc. v. Mt. Hawley Ins. Co*., 2018 WL 797073 at *2 (S.D. Fla. Feb. 9, 2018). BJ's is incorporated in the State of Delaware and has its principal place of business in Westborough, Massachusetts. **See Fla. Division of Corporations 2021 Annual Report attached as Exhibit C.** BJ's, then, is deemed a citizen of the states of Delaware and Massachusetts. As such, Defendant has satisfied its burden to show that complete diversity of citizenship exists.

        B.  **The Amount In Controversy Exceeds $75,000**

Where a plaintiff has not pled a specific amount of damages, the removing party must establish the amount in controversy by a preponderance of the evidence. *Williams v. Best Buy Co.,* 269 F.3d 1316, 1319 (11th Cir. 2001). A defendant "may introduce its own affidavits, declarations, or other documentation to meet its burden." *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 755

(11th Cir. 2010). Such evidence is permissible to consider if the facts alleged existed at the time of removal. *Sierminski v. Transouth Fin. Corp.,* 216 F.3d 945, 949 (11th Cir. 2000).

Accordingly, as a document that exists at the time of removal, pre-suit demand letters, including facts contained therein, may be submitted as evidence to demonstrate that the amount in controversy exceeds $75,000. *See, e.g., Moraguez v. Walgreen Co.,* 2015 WL 7863008, (M.D. Fla. Dec. 3, 2015) (finding pre-suit demand letter alleging damages of $100,000 sufficient to establish amount in controversy); *Hernandez v. Burlington Coat Factory of Fla., LLC,* 2015 WL 5008863, (M.D. Fla. Aug. 20, 2015) (finding demand letter supported by medical records sufficient to plausibly allege that the amount in controversy exceeds $75,000).

Here, the amount in controversy requirement is not apparent from the face of the Complaint as the Plaintiff has made an unspecific demand for damages. *See* Ex. A, ¶ 1. Nonetheless, the Plaintiff's pre-suit demand letter and the facts contained therein show by a preponderance of the evidence that the amount in controversy exceeds $75,000. **See Presuit Demand Letter attached as Exhibit D.** The Presuit Demand Letter, supported by medical records, includes damages for past and "future medical expenses, including pain and suffering, disability, physical impairment, mental anguish, and loss of capacity for the enjoyment of life." *Id.* Therefore, BJ's has established the requisite amount in controversy.

In sum, this Court has jurisdiction in accordance with 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and complete diversity of citizenship is met given that the action involves the Plaintiff, a citizen of Florida, and Defendant, a citizen of Delaware and Massachusetts. *See* 28 U.S.C. §§ 1332, 1441(a). Accordingly, removal to this Court is proper.

As set forth in 28 U.S.C. § 1446(d), BJ's will file a Notice of Filing Notice of Removal with the Clerk of Court for the Twentieth Judicial Circuit, in and for Lee County, Florida and will provide written notice of this Notice of Removal to all parties via e-service.  **A copy of the Notice of Filing is attached as Exhibit E.**

Dated: July 14, 2021

                                                Respectfully submitted,

                                                */s/ Julie A. Campbell*
                                                Julie A. Campbell, Esquire
                                                Florida Bar No. 50134
                                                Giselle Guzman, Esquire
                                                Florida Bar No. 1025979
                                                WICKER SMITH O'HARA MCCOY & FORD, P.A.
                                                9132 Strada Pl., Suite 400
                                                Naples, FL  34108
                                                Phone: (239) 552-5300
                                                Fax: (239) 552-5399
                                                gguzman@wickersmith.com
                                                jcampbell@wickersmith.com
                                                *Attorneys for BJ's Wholesale Club, Inc.*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on July 13, 2021, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

                                                 */s/ Julie A. Campbell*
                                                Julie A. Campbell, Esquire

## SERVICE LIST

Natalie A. Martinez, Esquire
Pacin Levine, P.A.
1150 NW 72nd Avenue, Suite 600
Miami, FL 33126
Telephone:     (305) 760-9085
Facsimile:      (786) 800-3611
bipleadings@pl-law.com